IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO MENA, JR., #33615-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:16-CV-1770-D-BK |
| | § | (CRIMINAL CASE NO. 3:05-CR-171-D-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. 636(b) and Special Order 3, Petitioner's June 24, 2016 motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. Because this is a successive section 2255 motion, it is recommended that it be that it be dismissed without prejudice.

**I.  BACKGROUND**

In 2006, Petitioner pled guilty to carjacking, and using, carrying, and brandishing a firearm during a crime of violence, and was sentenced to 137 and 120 months' imprisonment, respectively, to be served consecutively. Crim. Doc. 23. In 2013, Petitioner unsuccessfully moved to vacate his conviction under 28 U.S.C. § 2255. *Mena v. United States*, No. 3:13-CV-3065-D-BK (N. D. Tex. Nov. 27, 2013) (dismissing motion as time barred).

Petitioner, proceeding *pro se*, now challenges his sentence as unconstitutional in light of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), violates the Constitution's guarantee of due process. Doc. 2 at 7. *Johnson* was recently found to apply retroactively to cases on collateral review in *United States v. Welch*, --- U.S. ---, 136 S. Ct. 1257 (2016). Contemporaneously with the filing of this action, Petitioner sought authorization to file a

successive application in the United States Court of Appeals for the Fifth Circuit, where the motion is still pending. *See In re Mena*, No. 16-10888 (5th Cir.).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*). However, before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A)-(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, even assuming Petitioner's claim has merit, the Court of Appeals has not issued an order authorizing the Court to consider the successive section 2255 motion. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2255 motion should be dismissed without prejudice for want of jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive section 2255 motion be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive section 2255 motion.[1]  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

**SIGNED** September 13, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] In this instance, it is more appropriate to dismiss without prejudice, rather than transfer to the Court of Appeals for the Fifth Circuit, since Petitioner has already requested permission to